UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:07CR158-W

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| SERAFIN YOVANNI ALVARADO | ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of property of the defendant pursuant to 18 U.S.C. §924(d) as property involved in a violation of 18 U.S.C. §922(g)(5). Defendant pled guilty, without a plea agreement, and was sentenced on February 11, 2008. At the sentencing hearing, this Court ordered orally that defendant forfeit the specific property listed in the indictment, as described below. The government has filed a motion for a preliminary order of forfeiture to reflect the Court's oral order, nunc pro tunc.

It is therefore ORDERED:

1. Based upon defendant's plea and the sentence, including the oral order of forfeiture, imposed on February 11, 2008, nunc pro tunc, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, pursuant to 18 U.S.C. §924(d) and the procedural provisions of 21 U.S.C. §853(n), which are made applicable by 28 U.S.C. §2461©:

   **one Hipoint 9mm semi-automatic pistol**

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish in a newspaper of general circulation, notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or

claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. §853(n).

Signed: February 19, 2008

Frank D. Whitney
United States District Judge